## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JAMES CUMISKEY,<br><br>   Plaintiff,<br>v.<br><br>SHERMETA LAW GROUP, P.C.,<br><br>   Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff James Cumiskey is a natural person who resides in the County of Ionia, State of Michigan; is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

5. Plaintiff is a "debtor" as the term is defined by M.C.L. § 445.251(d).

6. Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251.

7. Defendant Shermeta Law Group, P.C. (hereinafter "Defendant" or "Shermeta") is an Michigan professional corporation with its principal place of business being 901 Tower Drive, Suite 400, Troy, Michigan.

8. Defendant Shermeta uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

9. Defendant Shermeta is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant Shermeta and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

11. At some point about 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5),

   namely, a personal credit card debt with Capital One Bank, N.A. ("Capital One").

12. Sometime about 2013, Plaintiff defaulted on the debt.

13. Sometime after defaulting, the debt was consigned, placed, assigned, or otherwise transferred to Defendant Shermeta for collection from Plaintiff.

14. Upon information and belief, Capital One Bank stopped charging interest on Mr. Cumiskey's account when the debt was charged off.

15. On or about March 25, 2015, Defendant filed a civil complaint, for Capital One, in the 64-A District Court, seeking damages of $12,161.32 plus costs.

16. The 64-A District Court dated Defendant's Summons and Complaint March 31, 2015.

17. Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, indicating that Mr. Cumiskey's balance owed to Capital One Bank, N.A., was $12,311.32.

18. Upon information and belief, The agreement between Mr. Cumiskey and Capital One Bank, N.A., does not provide for an annual interest rate of 41 percent.

19. On or about May 18, 2015, Mr. Cumiskey was told by Defendant Shermeta that he owed $12,353.51.

20. Defendant Shermeta failed to send Plaintiff the notices required by 15 U.S.C. § 1692g(a)(1)-(5) within five days of the initial communication.

21. At no time did the any communication in the statutory five day window from Defendant Shermeta contain the language required by 15 U.S.C. § 1692g(a)(1)-(5).

22. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of emotional distress, frustration, and upset, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including,

but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

26. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means when Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

27. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means when Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

30. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(1).

31. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(2).

32. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(3).

33. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(4).

34. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(5).

35. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect when Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

36. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect when

Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

37. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(3)-(5).

38. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt when Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

39. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt when Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

40. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

41. Defendant violated 15 U.S.C. § 1692g(a) by not providing all of the required statutory notices within five days of the initial communication.

42. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to send a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days of the initial communication with the Plaintiff.

43. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to send a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector within five days of the initial communication with the Plaintiff.

44. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to send a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor within five days of the initial communication with the Plaintiff.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

48. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner when Defendant Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

49. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner when Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

50. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim when Defendant

Shermeta sent Plaintiff a letter dated April 03, 2015, stating that the balance owed to Capital One Bank, N.A. was $12,311.32.

51. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim when Defendant Shermeta told Plaintiff, on or about May 18, 2015 that the balance owed to Capital One Bank, N.A. was $12,353.51.

52. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff, in Defendant Shermeta's letter dated April 03, 2015, by claiming that Mr. Cumiskey owed Capital One Bank, N.A. when court costs had not been awarded in the 64-A District Court case.

53. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff, in Defendant Shermeta claimed during a phone call, on or about May 18, 2015, that Mr. Cumiskey owed Capital One Bank, N.A. court costs when court costs had not been awarded in the 64-A District Court case.

54. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(4).

55. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(5).

56. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt when Defendant Shermeta claimed during a phone call, on or about May 18, 2015, that Mr. Cumiskey owed Capital One Bank, N.A. $12,323.51, an amount that included court costs that had not been awarded in the 64-A District Court case.

57. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt when Defendant Shermeta's letter dated April 3, 2015, claimed that Mr. Cumiskey owed Capital One Bank, N.A. $12,311.32, an amount that included court costs that had not been awarded in the 64-A District Court case.

58. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

59. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to

M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

Respectfully submitted,

ROBERT VANDENBERG,

Dated: June 2, 2015

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Golden Law Offices, P.C.
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com